[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter first came to the Court by summons and complaint dated August 13, 1998 and returnable September 15, 1998 seeking a dissolution of the marital union, custody and support of minor children, a property settlement, an assignment of the defendant's interest in certain real estate and other equitable relief.
Certain motions accompanied the complaint which were acted upon by Solomon, J., on September 8, 1998.
The defendant appeared by counsel on September 11, 1998 and filed an answer to the complaint and a cross complaint seeking certain relief.
The defendant filed certain motions but the same were not acted upon.
The matter came on for hearing on September 15, 1999 when the plaintiff and the defendant both appeared with their respective counsel and witnesses and the matter was tried to a conclusion.
The Court makes the following findings of fact.
The plaintiff and the defendant, whose maiden name was Marilyn Bowman, were united in marriage on December 27, 1973 at Stonington.
The plaintiff has resided in Connecticut for more than one year prior to the petition of dissolution being filed.
The plaintiff and the defendant have at this time one minor child issue of the union, Courtney Elizabeth Chesebro born April 5, 1983.
No other minor children have been born to the defendant since the date of the marriage.
Neither party is now, nor have they been in the past, recipients of welfare from the State of Connecticut. CT Page 13102
From the testimony of Bryan P. Chesebro the Court finds as follows.
That the witness is a brother to the plaintiff and resides at 134 Elm Street in Stonington.
That the mother of Bryan Chesebro and the plaintiff resides at 138 Elm Street, Stonington.
That Winona Chesebro has resided at 138 Elm Street since 1979 and said residence has been in the Chesebro family for over 100 years. Title to 138 Elm Street presently stands in the name of the plaintiff Guy Chesebro.
Winona Chesebro makes payment of all necessary or required expenses concerning 138 Elm Street including paying the taxes and insurance, renovations, painting and maintenance.
Winona Chesebro is age 86.
At some point in time in the past, the plaintiff had asked his brother to hold title to 138 Elm Street due to business concerns and loans, but in due course the title came back to the plaintiff
Plaintiff's initial taking of title was incident to tax planning involving Winona Chesebro due to her age and heart surgery.
At one point, the plaintiff owed his brother $95,000± although there was no paper verification of the same until recently.
See Plaintiff's Exhibit 13, a promissory note from the plaintiff to his brother for $74,000.00 dated July 15, 1999.
See also Plaintiff's Exhibit 14, a document entitled Agreement, dated July 15, 1999 relative to said debt.
Bryan Chesebro is engaged in brokerage and securities activities.
From the testimony of the defendant, Marilyn Chesebro, the Court finds as follows. CT Page 13103
The defendant presently resides in Centerville, Virginia.
The defendant has resided with one Patrick Thomas since July 1998.
Mr. Thomas attended the proceedings but did not testify.
The defendant is a registered nurse and is presently employed in that capacity by the Burke Healthcare Center in Virginia.
The defendant has been away from Connecticut for about three years and six months.
Except for some brief intervals, the children of this union have been primarily with the plaintiff in Connecticut.
The defendant will be age 49 in November, she considers herself in relatively good health with only a minor heart defect.
The defendant has a college education.
There are altogether three children of this marriage.
Eric Zachary Chesebro, age 19.
Scott Preston Chesebro, age 18, presently in college, and the minor child Courtney Elizabeth, now age 16.
The minor child Courtney has had health problems in the past and some behavioral problems but presently seems stabilized.
The defendant has been an RN for 22 years.
The child Eric is involved in going back to school to secure a high school degree.
The defendant was employed by the Prince William Hospital Corp. in Manassas, Virginia in 1998 and earned $44,268.04.
See Plaintiff's Exhibit 7.
The defendant has not contributed to the support of the children of the marriage for some time. CT Page 13104
At one point in the proceedings, the defendant indicated that she was desirous of receiving alimony and at another point indicated she didn't care about alimony.
The defendant acknowledges that she has not contributed to nor helped in the maintenance of the residence in which Winona Chesebro resides, title to which is in the plaintiff's name.
The defendant stated that she made no claim as to the residence at 138 Elm Street.
The defendant was not aware of the loan arrangement between the plaintiff and his brother.
The minor child Courtney has been in counseling.
The defendant believes that financial problems, including problems with the Internal Revenue Service, contributed to the breakdown of the marriage.
The child Courtney was in the Hartford Hospital at one point for a month with health problems.
The child Courtney has been with the plaintiff father in this state since September 1997.
At one point, the plaintiff struck the child Courtney when in anger; the child had put her hand through a glass window in an emotional situation.
The defendant gave a power of attorney to her accountant to try and resolve problems with the IRS.
The plaintiff and the defendant are in agreement that custody of the minor child should be joint with rights of reasonable visitation to the defendant, the primary custodial parent to be the plaintiff.
The problems with the IRS arose out of the plaintiffs failure to file returns and/or paying what was due over an extended period of time.
The adult children Eric and Scott are in good health.
From the testimony of the plaintiff, the Court finds as CT Page 13105 follows.
The plaintiff will be 50 years old in December, his health is good.
The plaintiff was in military service with the U.S. Marine Corps. for six years.
The parties have been separated since May 1996.
The plaintiff is employed as a stock broker with Financial Directions, Inc.
During the interval when Courtney was in Virginia with the defendant, the plaintiff sent money to the defendant to pay for rent, medical expenses, etc.
At an earlier point in the plaintiffs securities activities, he notified the Federal Securities Agency concerning certain irregularities of a former client Colonial Realty which created problems for him.
The plaintiff acknowledges not filing tax returns for 1990, 1991 and 1992.
The plaintiff has a therapist.
From the testimony of Winona Chesebro, the Court finds as follows.
The witness is the parent mother of the plaintiff, is age 86, and has resided at 138 Elm Street for the last 50 years.
The witness pays all expenses on the residence and maintains the same, has made many improvements and renovations.
Continued findings based on the plaintiffs testimony.
The child Courtney is still in therapy and counseling at a cost of $90.00 weekly.
Plaintiff believes he holds title to 138 Elm Street incident to estate planning for his mother and that equitably the house is hers. CT Page 13106
The plaintiff claims that the defendant spent money recklessly and gambled at the casino but there was no independent evidence to sustain this claim.
The plaintiff and the defendant owe the IRS for the years 1992 through 1995 approximately $115,000.00.
The plaintiff and the defendant also owe the State of Connecticut Tax Department approximately $10,000.00.
The property at 28 Castle Hill Road in the joint names of the parties is valued at $175,510.00 by the assessor and assessed at $122,850.00.
See Plaintiff's Exhibit 12.
According to the plaintiff's financial affidavit the total of several mortgages on this property is $233,000.00, resulting in a minus equity.
The plaintiff made no claim for alimony from the defendant.
The Internal Revenue Service has liened the Castle Hill property.
See Plaintiff's Exhibit 12, an appraisal by the Reiss Appraisal Company, valuing the property at 28 Castle Hill Road at $175,000.00.
The plaintiff has a college education and a degree in business administration from the University of Connecticut.
The plaintiff's compensation is computed on a commission basis.
The defendant's insurance coverage paid for a $70,000.00 medical bill concerning Courtney at the Newington Children's Hospital.
The minor child Courtney is repeating her current high school year.
The plaintiff who had invested in the defunct Colonial Realty collapse lost $25,000.00, he expects to receive perhaps 10 cents on the dollar relative to his claim in due course. CT Page 13107
In 1980 the defendant was involved in a bicycle accident which caused a separation in her shoulder.
The defendant claims some threats, physical abuse and arm-twisting but no independent evidence was presented to the court.
The defendant felt that the couple had no friends and she told the plaintiff in the Spring of 1997 that the marriage should be dissolved.
The defendant has tax counsel in Virginia trying to resolve her liability to the IRS.
The defendant acknowledges that the plaintiff loves the children of the parties.
From the exhibits, the Court finds as follows.
The defendant's weekly gross income as an RN is $1,019.00, net $689.00 after taxes and insurance.
Defendant owes at least $4,000.00 to the IRS based on her separate earnings and total debt of $25,252.00.
Defendant's financial affidavit shows no values for any real estate although she is a joint owner of the 28 Castle Hill Road property.
Defendant owns a 1995 Saab motor vehicle on which $18,500.00 is due.
Defendant's only asset of consequence is a 401K valued at $1,278.00.
Defendant's tax returns reflect the following:
1996 wages $25,244.00
1997 wages $35,067.00
1998 wages $44,268.04
See also Plaintiff's Exhibits 9, 6 and 7. CT Page 13108
Plaintiff's tax returns reflect the following:
1995 income $65,000.00
1996 income $90,012.00
1997 income $30,252.00
See Plaintiff's Exhibits 1, 2 and 3.
Present debt to the IRS per Plaintiff's Exhibit 8 is $115,953.74, plus accruing interest.
Plaintiffs financial affidavit reflects weekly gross income of $1,730.77, net $895.00, including a weekly payment to IRS of $230.95.
Debt to Bryan Chesebro of $72,000.00.
A minus equity of $58,000.00 in 28 Castle Hill Road with mortgages totaling $233,00.00.
138 Elm Street valued at $90,000.00 free and clear.
Two automobiles valued at $4,400.00, $11,000.00 in Washington Trust and a pension value of $5,000.00.
 Discussion
This is a marriage of 26 years.
Both parties have worked during practically the entire marriage mindful of the defendant being an RN.
There were numerous problems with the children involving their conduct and health.
The Court is inclined to the view that the defendant was overwhelmed by the marital problems, lack of communication between the parties, tax problems with the IRS and overall debt.
Admittedly the defendant's conduct in leaving Connecticut to reside in Virginia with Patrick Thomas was inappropriate, as was Mr. Thomas' attendance at the trial, although he did not testify, not being called by either side. CT Page 13109
The Court believes that the defendant is a hard worker who has contributed in trying to maintain some financial stability in a turbulent financial climate.
The defendant has made no claim as concerns the residence at 138 Elm Street occupied by Winona Chesebro although on the basis of the record title she could have done so.
The defendant is also faced with a problem with IRS that was not of her making due to the plaintiffs failure to file and his not fairly apprising the defendant of the overall tax situation.
 The Law
The Court has considered all of the statutes which apply in matters of this nature including without limitation C.G.S. §46b-56 et seq. regarding custody and visitation, C.G.S. §46b-82 regarding alimony, C.G.S. § 46b-84 regarding child support.
The Court has considered all of the applicable case law that governs the matter.
The Court has considered the testimony of the parties, their candor or lack thereof and all exhibits and the arguments of counsel.
The Court has considered the length of the marriage, the problems with which it was beset, the age, health, station, occupation employability, estate and the needs of the parties.
The Court has considered the standards of living of the parties.
The Court enters the following orders.
The custody of the one minor child Courtney Elizabeth Chesebro now age 16, shall be joint with the principal custodial parent being the plaintiff father with whom the young lady has resided for some time past.
Reasonable and liberal rights of visitation to the defendant mother. CT Page 13110
The defendant shall pay the plaintiff $120.00 weekly child support which is in accordance with the guidelines.
The defendant, by virtue of her existing medical coverage as an RN, shall continue to provide medical coverage for the minor child Courtney during her minority.
The plaintiff shall be solely responsible for any medical or dental bills not covered under the defendant's policy.
The plaintiff may retain his ownership in the premises known as 138 Elm Street where Winona Chesebro resides.
The Court allows this because it is satisfied that equitably the home is that of Winona Chesebro and because the defendant has made no claim thereto.
However, clearly the legal title stands in the plaintiffs name and the reasons for that being so (estate planning) would not ordinarily preclude the Court considering an award of a portion of its value to the defendant.
The real estate at 28 Castle Hill Road has a minus equity and the Court directs that the defendant convey whatever equity she has in that property to the plaintiff.
However, the Court feels that notwithstanding her present situation in Virginia that she has worked hard during the marriage and has tried to do the best she can for the children.
At such time as the defendant conveys her interest in Castle Hill, she shall receive the sum of $7,500.00, said transfer to be made within 60 days.
The plaintiff shall pay the defendant $1.00 per year as periodic alimony for a term of five years, non-modifiable as to term.
The plaintiff shall be solely responsible for the mortgages on 28 Castle Hill Road and hold the defendant harmless therefrom.
The defendant shall only be responsible for that part of the debt due the IRS that is attributable to her own earnings.
The parties shall cooperate, one with the other, to allow the CT Page 13111 plaintiff to continue under the defendant's medical coverage, Cobra, at his sole cost and expense for the statutory period.
The defendant may have access to the Castle Hill property for the purpose of securing her grand piano, bow-front cabinet and to identify other items of personalty which are hers by gift or inheritance and peacefully secure their removal.
In the event that the parties cannot agree as to the items of personalty, an arbitrator shall be appointed.
The parties may each retain their respective automobiles, bank accounts and pension funds.
As requested in the cross complaint, the defendant may have her maiden name of Bowman restored to her.
Any outstanding life insurance held by either party shall, wherein the minor child Courtney is named as the beneficiary, continue and the designation of the child shall be irrevocable.
Neither party was solely at fault as to the breakdown of the marriage.
No counsel fees are awarded to either party.
The marriage is dissolved on the grounds of irretrievable breakdown and the parties are declared to be single and unmarried pursuant to C.G.S. § 46b-40c.
Austin, JTR